# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO AMBRIZ,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE AND FELIX, A.P.C.,<br><br>Defendants. | CASE NO. 12-CV-1309 W (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 14]** |

Pending before the Court is Defendant Patenaude and Felix, A.P.C.'s motion to dismiss Plaintiff's first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). (*MTD* [Doc. 14].) Plaintiff Francisco Ambriz opposed the motion and Defendant filed a reply. (*Opp'n* [Doc. 10]; *Reply* [Doc. 23].) The Court decides the matter on the parties' briefs and the record. See S.D. Cal. Civ. L.R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Defendant's 12(b)(6) motion [Doc. 14].

## I. BACKGROUND

The Defendant law firm engages in the collection of debts on behalf of their clients. (*MTD* at 3.) On August 18, 2011, Defendant filed suit against plaintiff in the San Diego County Superior Court to collect an alleged debt on behalf of American Express. (*Id.*) The lawsuit was voluntarily dismissed.

On May 31, 2012, Plaintiff filed this suit, alleging that Defendant's actions in filing the state court suit violated the Fair Debt Collection Practices Act ("FDCPA"). (*FAC* [Doc. 9].) Plaintiff contends that Defendant's complaint alleged that there was an account stated between Plaintiff and American Express, and that Plaintiff had been unjustly enriched in the amount of $3,793.05. (*Id* at 4.) Plaintiff denies entering an account stated with American Express or receiving $3,793.05, in unpaid money, goods, or services on the account alleged. (*Id* at 5,6.) Plaintiff also alleges that on or about November 2, 2010, Defendant sent a letter to Plaintiff stating that Plaintiff owed American Express $3,793.05 and that on or about December 18, 2010, Plaintiff responded with a letter to Defendant disputing the debt. (*Id* at 3.) Plaintiff alleges that Defendant violated several provisions of the FDCPA. (*Id* at 6.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." <u>Vasquez v. L.A. Cnty.</u>, 487 F.3d 1246, 1249 (9th Cir. 2007). However, the complaint must also "contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570 (2007)). A complaint will survive a motion to dismiss where the plaintiff "pleads factual content that allows the

1  court to draw the reasonable inference that the defendant is liable for the misconduct
2  alleged." Id. (citing Twombly, 550 U.S. at 556).

### III. DISCUSSION

Defendant raises a number of arguments, only some of which warrant discussion at this stage.

Defendant argues that a state court collection complaint cannot form the basis for an FDCPA claim. Defendant cites Heintz v. Jenkins, 514 U.S. 291 (1995), for the proposition that one cannot use an opposing party's loss at trial as the sole basis for an FDCPA claim. The Court is not persuaded by this argument for several reasons.

First, while it may be true that one cannot use an opposing party's loss at trial as the sole basis for an FDCPA suit, it does not follow that *no* state court litigation may serve as the basis for an FDCPA claim. As an initial matter, Defendant fails to point to a single case in which a court dismissed a claim under the FDCPA because it arose from state court litigation. Defendant instead relies on Hemmingsen v. Messerli & Kramer, P.A., 674 F. 3d 814 (8th Cir. 2012), for the proposition that "collection complaint allegations were never intended to provide a basis for FDCPA violations." (*MTD* at 8.) However, Hemmingsen affirmed the dismissal of FDCPA claims because the court found that the defendant's actions in the underlying state court action were not false or misleading, not because the case arose out of state court litigation.

Second, Plaintiff does not allege that his claim is based solely on the fact that Defendant's state court suit was dismissed. Instead, Plaintiff alleges that he never entered into an account stated with American Express and thus, that the underlying basis for Defendant's state court action is false. On a motion to dismiss, the court must accept as true the allegations in the complaint. Vasquez, 487 F.3d at 1249.

Third, despite Defendant's reliance on Heintz, the Supreme Court's decision clearly states that the FDCPA applies to lawyers who regularly attempt to collect consumer debts, including through litigation. Heintz v. Jenkins, 514 U.S. at 299.

1  Accordingly, Defendant's argument that a state court collection suit cannot form the
2  basis for an FDCPA claim is unpersuasive and does not warrant a dismissal of Plaintiff's
3  claim.
4       Defendant also claims that Plaintiff has not pled sufficient facts to support the
5  claim that Plaintiff did not enter into an account stated with American Express. (See
6  MTD.)   Defendant states that the requisite elements of an account stated are: "(1)
7  previous transactions between the parties establishing the relationship of debtor and
8  creditor; (2) an agreement between the parties, express or implied, on the amount due
9  from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay
10 the amount due." (*Reply* 5-6, citing Zinn v. Fred R. Bright Co., 76 Cal. Rptr. 663, 665-
11 666 (1969).)  However, Plaintiff explicitly alleges in the FAC that he did not enter into
12 an account stated with American express, agree to a balance of accounts, or admit that
13 the amount alleged by Defendant was correct or that any balance was due or owing
14 from one party to the other. (FAC 4-5.)  These facts are in opposition to the second
15 and third requirements Defendant cited and, if accepted as true, support an inference
16 that Plaintiff did not enter into an account stated with American Express.
17      Defendant further alleges that an account stated was formed, as implied by law,
18 because Plaintiff did not dispute the alleged debt within a "reasonable time." (*Reply* at
19 6.)  However, the Plaintiff alleges that he disputed the debt in writing on or about
20 December 18, 2010. (FAC at 3).  Case law suggests that whether an alleged debtor
21 acquiesces or agrees to an amount alleged is a question of fact.  See Zinn, 76 Cal. Rptr.
22 663 at 666.  Thus, because the Court views the complaint in the light most favorable
23 to the Plaintiff, the Court finds that the Plaintiff has sufficiently pled that he disputed
24 the debt.  See Vasquez, 487 F.3d at 1249.
25      Finally, Defendant argues that the misrepresentations that Plaintiff alleges are
26 not material. Defendant relies on Donohue v. Quick Collect, Inc., 592 F. 3d 1027 (9th
27 Cir. 2010) to argue that the Defendant's alleged misrepresentation is not material
28 because it did not impact Plaintiff's ability to respond to the complaint. (MTD at 10.)

However, <u>Donohue</u> is not applicable. There, the court held that the defendant's failure to properly attribute $32.89 to interest and pre-assignment finance charges was not a material misrepresentation because it would not mislead a consumer. (*MTD* 10.) In contrast, here, Plaintiff claims that the entire basis for the underlying state court action was false. Therefore, Defendant's argument lacks merit.

The Court finds the remainder of Defendant's arguments unpersuasive.

### IV.   CONCLUSION AND ORDER

For these reasons, the Court **DENIES** Patenaude & Felix, A.P.C.'s motion to dismiss [Doc. 14].

**IT IS SO ORDERED.**

DATED:  June 4, 2013

_____
Hon. Thomas J. Whelan
United States District Judge